**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| HOWARD E. MARTIN, III, : | Case No. 2:23-cv-2358 |
| Plaintiff, : | District Judge James L. Graham |
| vs. : | Magistrate Judge Caroline H. Gentry |
| TIM SHOOP, WARDEN, *et al.*, : | |
| Defendants. : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner proceeding without the assistance of counsel, submitted a document titled "Verified Complaint for Combined Motion in Favor of Temporary Restraining Order and Preventive Injunction (Fed. R. Civ. P. 65(a), (b)) and Affidavit in Support." (ECF No. 1). After this Court filed a Deficiency Order (ECF No. 2), Plaintiff submitted an Application to proceed in this action *in forma pauperis* and without prepaying the filing fee. (ECF No. 3). He also filed an Amended "Verified Complaint" very similar in content to the original. (ECF No. 4).

For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action **WITH PREJUDICE** because Plaintiff failed to fully disclose in his Application all of his previously dismissed cases (or "strikes") under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h).

Plaintiff is currently confined at Chillicothe Correctional Intuition. (ECF No. 4, PageID 27). As a prisoner, he is subject to the requirements and restrictions of the PLRA. One restriction is the statute's so-called "three strikes" provision, which limits a prisoner's ability to proceed *in forma pauperis* in federal court:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [concerning proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has filed many cases in this Court and has taken several appeals from this Court's decisions. This Court previously determined that he had accumulated "three strikes." *See, e.g., Martin v. Ohio*, No. 2:22-cv-1654, 2023 WL 386245 (S.D. Ohio Jan. 25, 2023). In fact, because Plaintiff failed to disclose all of his prior dismissals in that case, Chief Judge Marbley imposed an additional sanction on Plaintiff. *Id.*, 2023 WL 386245, at *3. He advised Plaintiff "that the Court will dismiss *with prejudice* any future cases in which Plaintiff seeks *in forma pauperis* status without identifying previously dismissed cases." *Id*. (emphasis in original).

In his new Application to proceed *in forma pauperis* in this case, Plaintiff has once again disclosed some but not all of his dismissed cases or "strikes." (*See* ECF No. 3, PageID 18). Specifically, he disclosed the following two dismissals/strikes:

1. *Martin v. State of Ohio*, Civil Action No. 2:18-cv-1147 (S.D. Ohio June 5, 2019) (dismissing federal claims under § 1915(e) and declining to exercise supplemental jurisdiction over remaining state-law claims); and

2. *Martin v. State of Ohio*, Appeal No. 19-3844 (6th Cir. Sep. 1, 2020) (finding that "[a]n appeal in this case would be frivolous," denying a motion to proceed *in forma pauperis*, and ordering Martin to pay the filing fee; dismissing appeal on November 6, 2020 when Martin failed to pay the fee).[1]

---

[1] Although this appeal was dismissed for failure to prosecute, it counts as a strike because the Sixth Circuit previously found the appeal to be frivolous. *See Heid v. Aderhold*, No. 2:20-cv-901, 2020 WL 4673217, at *3 (S.D. Ohio Aug. 12, 2020) (citing *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 433 (D.C. Cir. 2007)) ("Where ... an appeal is formally dismissed for want of prosecution, this dismissal counts as a strike if the court of appeals previously denied a motion to proceed *in forma pauperis* in that case on the basis that the appeal was frivolous.").

2

(ECF No. 3, PageID 18). He failed to disclose two other dismissals/strikes in his Application:

> 3. *Martin v. Ohio*, Civil Action No. 1:14-cv-899 (S.D. Ohio Mar. 11, 2015) (dismissing complaint in its entirety, with prejudice, under §§ 1915(e) and 1915A); and
>
> 4. *Martin v. Ohio*, Appeal No. 15-3334 (Aug. 11, 2015) (finding that the "appeal lacks an arguable basis in law" and denying motion to proceed *in forma pauperis;* dismissing on September 21, 2015 when Martin failed to pay the fee).

(*See* ECF No. 3, PageID 18). This Court previously identified Case No. 1:14-cv-899—from which Appeal No. 15-3334 arose—as a strike. *Martin v. Ohio*, No. 2:22-cv-1654, 2022 WL 1120403, at *1 (S.D. Ohio Apr. 14, 2022), *report and recommendation adopted*, 2023 WL 386245 (S.D. Ohio Jan. 25, 2023).

A litigant's statements to the Court must be truthful, and he must fully answer the questions in the Application form. *See* Fed. R. Civ. P. 11; *Wright v. Watson*, No. 2:22-cv-4042, 2023 WL 4042170, at *1 (S.D. Ohio June 16, 2023) (dismissing a plaintiff's "claims with prejudice for making false statements in his Motions for Leave to Proceed *in Forma Pauperis*"). Plaintiff was previously warned that he must fully disclose his dismissed cases/strikes if he seeks to proceed *in forma pauperis*. *Martin v. Ohio*, No. 2:22-cv-1654, 2023 WL 386245, *3 (S.D. Ohio Jan. 25, 2023). Nevertheless he failed to do so in this case, in a filing made under penalty of perjury. (ECF No. 3, PageID 16). Thus, the sanction that this Court warned Plaintiff about should be applied. *See Blachere v. Baldwin*, No. 2:23-cv-730, 2023 WL 3060200, at *3 (S.D. Ohio Apr. 24, 2023), *report and recommendation adopted,* 2023 WL 3819354 (S.D. Ohio June 5, 2023) ("dismissal with prejudice is appropriate, as Plaintiff failed to disclose his full litigation history and, despite a previous warning, has attempted to mislead the Court.").

Moreover, even if Plaintiff had made the required disclosures, his Complaint should still be dismissed because it does not satisfy the imminent danger exception. A "three-striker" like

Plaintiff may not proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has not identified any imminent danger in his Application to proceed *in forma pauperis* or in his Amended Complaint.[2] (ECF Nos. 1, 4). Instead, Plaintiff seeks to challenge Chillicothe Correctional Institution's alleged plan to confiscate "JPAY Tablets" that allegedly contain intellectual property and irreplaceable photographs belonging to inmates. (*See* ECF No. 4, PageID 26). Because he does not satisfy the imminent danger exception to the three-strikes rule, Plaintiff would not be entitled to proceed *in forma pauperis* in this case even if he had properly disclosed all of his dismissals/strikes.

Accordingly, the undersigned **RECOMMENDS** that the Court **DISMISS** this action **WITH PREJUDICE** and **DENY** Plaintiff's Application to proceed *in forma pauperis* as **MOOT**.

The undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

---

[2] Plaintiff does allege that: "This institution also contains officers whom abuse Incarcerated Prisoners while they are Handcuffed (2:22 cv 01654), which causes substantial harm . . . ." (ECF No. 4, PageID 30). This is a reference to another of Plaintiff's pending cases in which he raised that allegation. This Court found that this allegation did not present a claim of imminent danger:

> Martin fails to allege facts that would establish a specific threat of death or severe bodily injury. As a result, he cannot demonstrate that his circumstances qualify for the statutory exception of "imminent danger" under § 1915(g). As an initial matter, Martin has failed to allege any physical injury at all, let alone a "serious" injury under § 1915(g). Martin's argument that he qualified for the imminent-danger exception relies entirely on his interaction with Officer Kelley. (*See, e.g.,* Pl.'s Am. Objs. at 2, ECF No. 12). Although Martin provides allegations that he was handcuffed in a forcible manner, he does not add any details or facts about injuries suffered from that incident. (*See generally id*.). Further, any such injuries would be unlikely to qualify as "serious" as that term is used in the context of § 1915(g), where ailments such as "chest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness" have previously been deemed insufficient. *See Gresham*, 938 F.3d at 850.

*Martin v. Ohio*, No. 2:22-cv-1654, 2023 WL 386245, at *3 (S.D. Ohio Jan. 25, 2023).

Plaintiff is advised that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO RECOMMENDED.**

January 29, 2024 /s/ *Caroline H. Gentry*
CAROLINE H. GENTRY
UNITED STATES MAGISTRATE JUDGE

**Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).