IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD E. MARTIN, III,

    Plaintiff,

  v.

TIM SHOOP, WARDEN, et al.,

    Defendants.

Case No. 2:23-cv-2358
Judge James L. Graham
Magistrate Judge Caroline H. Gentry

### **Order**

This matter is before the Court to consider a Report and Recommendation (doc. 5) issued by Magistrate Judge Gentry on January 29, 2024. Plaintiff Howard E. Martin, III, an Ohio State inmate proceeding without the assistance of counsel, brings this action against numerous prison officials. Plaintiff attempts to bring this claim under 17 U.S.C. §106(b), alleging that prison officials revoked his "JPay tablet" which contained his personal intellectual property and "unreplaceable photographs." Plaintiff also claims that his constitutional rights were violated because Defendants' actions deprived him of his rights under the Fifth Amendment. Plaintiff's complaint was not accompanied by the $402.00 filing fee as he wishes to proceed *in forma pauperis*.

The Magistrate Judge found that Plaintiff's right to proceed *in forma pauperis* was restricted under Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104- 134, 110 Stat. 1321, amending 28 U.S.C. § 1915, also known as the "three strikes" rule. The Plaintiff was determined to be a "three striker" due to four prior lawsuits or appeals he filed that were ultimately dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e). Due to the Plaintiff's multiple strikes, he may not proceed *in forma pauperis* unless he falls within the statutory exception outlined in §1915(g). This exception states that prisoners who

1

are under imminent danger of serious physical injury may proceed *in forma pauperis* despite the number of "strikes." Based on the facts provided, the Magistrate Judge found that Plaintiff failed to plausibly allege that he falls under the "imminent danger" exception and is not entitled to proceed *in forma pauperis*.

### A.  Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B.  Plaintiff's Objections to Report and Recommendation

Plaintiff timely filed an objection to the Report and Recommendation. In his objection, Plaintiff asserts that some of his prior filings did not appear on the prison computer (doc. 6). Plaintiff also rejects the Magistrate Judge's finding that he does not qualify under the imminent danger exception. He references several health incidents he has suffered from while incarcerated and asserts that prison officials failed to protect him during said occurrences. However, the alleged health incidents bear no relation to the subject matter of the complaint, which is the revocation of Plaintiff's JPAY Tablet privileges.  Aside from referencing unrelated incidents, Plaintiff fails to further address the merits of the Magistrate Judge's findings that he is a "three striker" under §1915.

The Court agrees with the Magistrate Judge that the plaintiff may not proceed *in forma* pauperis. Plaintiff has accrued "three strikes" and fails to present a plausible case that he falls under the "imminent danger exception."

### C.  Conclusion

The Court agrees with the Magistrate Judge's R&R (doc. 5) and **ADOPTS** the same. The Plaintiff's objection (doc. 6) is **OVERRULED**.

Plaintiff is advised that failure to pay the full $402 filing fee within thirty days will result in the dismissal of this action. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order would not be taken in good faith.

It is so ORDERED.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: February 23, 2024